51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Randy KAILEY, Plaintiff-Appellant,
v.
Robert R. GALLAGHER, Jr., William Sylvester, Paul King,
Bryan Bevis, David Vela, Rebecca Tyc, and John Doe I, James
Makespeace, Steven Gayle, Gale Norton, Linda K. Baker, Ben
Griego, Dennis Houghnon, and John Doe II, Glenn Gaylord,
Steve Weeder, Defendants-Appellees.
 No. 94-1291.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing pro se petitioner's civil rights complaint brought pursuant to 42 U.S.C.1983. Based upon a recommendation by the magistrate judge, the district court dismissed petitioner's complaint with prejudice, in part because many of the defendants are entitled to immunity and other defendants were not acting under color of state law. The district court further found that petitioner had failed to state a claim for violation of his constitutional rights. Petitioner appeals on the grounds that the district court erred in dismissing his complaint with prejudice and without leave to amend. Petitioner further alleges that the district court erred in refusing to recuse in this case. We affirm.
 
 
 3
 The events giving rise to this civil rights complaint relate to the investigation of the deaths of three prisoners at the Limon Correctional Facility in Limon, Colorado in 1992. Petitioner was called as a witness in the trials of the defendants in the criminal actions relating to those deaths. Petitioner alleges that because of his involvement in that action, he is in fear for his safety in the correctional facility. In response to his fears, prison officials segregated petitioner from the general population of the prison. In October 1993, petitioner signed a Waiver of Protective Custody.
 
 
 4
 Petitioner sought recusal of the magistrate judge and the district judge in the proceedings below. We have reviewed the record and the complaint in this case de novo, as we must in reviewing the grant of a motion for summary judgment. We agree with the district court that petitioner has failed to allege any violation of his constitutional rights. We further agree that some of the defendants are immune, others do not act under color of state law, and others were not involved in the violations alleged. Having reviewed the record, we cannot say that the district court abused its discretion in denying the motions for recusal or in denying the motions for leave to amend and other related motions. We therefore AFFIRM the dismissal by the district court for substantially the reasons stated by the magistrate judge and adopted by the district court.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470